## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| CLIFFORD JACKSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 12-1414 (RJL) |
| | ) | |
| CAROLYN CROSS, *et al.,* | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

## MEMORANDUM OPINION

April _____16_____, 2013

      This matter is before the Court on Clifford Jackson's petition for a writ of habeas corpus and the government's response thereto.  For the reasons discussed below, the petition will be denied and this action will be dismissed.[1]

### I. BACKGROUND

      Petitioner was released on parole on July 27, 2007.  United States' Opp'n to Pet'r's Pro Se Pet. for a Writ of Habeas Corpus ("Gov't Opp'n"), Ex. 2 (Certificate of Parole dated July 27 2007) at 1.  He was arrested in the District of Columbia on February 12, 2011, and was charged with reckless driving and possession of cocaine.  *Id.*, Ex. 3 (Alleged Violation(s) Report dated Marcy 1, 2011) at 2.  The United States Parole Commission ("USPC") charged petitioner with two violations of the conditions of his parole: a Law Violation (Allegation #1) as evidenced by

---

[1]  Petitioner's "Motion to Request the Court to Stop Remaining Silent" [ECF No. 15] will be granted.

the police report of his arrest, and Drug Use (Allegation #2) as evidenced by positive test results for cocaine on eleven occasions. *See generally id.*, Ex. 3 (Alleged Violation(s) Report; Notice of Offender Arrest; and Metropolitan Police Department Arrest/Prosecution Report ). The USPC issued a warrant for petitioner's arrest, *see id.*, Ex. 5 (Warrant), and petitioner was returned to custody on March 17, 2011. *Id.*, Ex. 6 (Warrant for Return of Prisoner Released to Supervision).

After a hearing on March 22, 2011, a hearing examiner found probable cause to find that petitioner committed the offenses charged. *See generally id.*, Ex. 7 (D.C. Probable Case Hearing Digest). A parole revocation hearing was scheduled for May 26, 2011, and the matter was continued at the request of petitioner's counsel. *Id.*, Ex. 8 (email exchange between Colleen McCrystal and Thaddeus Hicks). Petitioner's counsel was to have submitted alternate dates for the hearing, yet, according to the USPC, as of June 12, 2012, there was "no evidence that anyone has contacted the [USPC] to reschedule this revocation hearing." *Id.*, Ex. 9 (email to Colleen McCrystal from Steve Husk). The USPC's warrant had been lodged as a detainer, and petitioner remained in custody notwithstanding the issuance of a release order by the Superior Court of the District of Columbia on June 6, 2012 upon the dismissal of the underlying criminal charges. *See id.*, Ex. 10 (Letter to USPC from Anthony Hinton, Community Supervision Officer, Court Services and Offender Supervision Agency, dated June 21, 2012).

Petitioner's parole revocation hearing occurred on August 15, 2012. *Id.*, Ex. 11 (Hearing Summary) at 1. Petitioner admitted to the use of drugs, and the hearing examiner found that he violated a condition of his parole release by using dangerous and habit-forming drugs. *Id.*, Ex. 11 at 2. Based principally on the testimony of the arresting officer, the hearing examiner found that plaintiff had committed two law violations: possession with intent to distribute crack cocaine and reckless driving. *Id.*, Ex. 11 at 2-3. The USPC adopted the hearing examiner's

recommendation, *see id.*, Ex. 11 at 4, to revoke parole. *Id.*, Ex. 12 (Notice of Action dated August 31, 2012) at 1. Petition was to remain in custody until March 9, 2015, after service of 48 months' imprisonment. *Id.*

## II. DISCUSSION

Petitioner had been in custody since March 17, 2011. When he filed this action in August 2012, his parole revocation hearing had not yet occurred. He alleged that the USPC "violated [its] own policies and procedures . . . in reference to unreasonable delay in this matter." Pet. at 6. He claimed that he was "being illegally detained and imprisoned," and demanded his immediate release. *Id.*

Under regulations applicable to District of Columbia Code offenders, ordinarily "[a] local revocation hearing shall be held not later than sixty-five days from the retaking of the parolee on the parole violation warrant." 28 C.F.R. § 2.102(f). However, "[i]f the parolee requests and receives any postponement, or consents to any postponement, or by his actions otherwise precludes the prompt completion of revocation proceedings in his case, the [65-day period] shall be correspondingly extended." *Id.* Although the USPC did not schedule the revocation hearing before the 65-day period expired, the hearing originally set for May 26, 2011, was continued at the request of petitioner's counsel. In this case, the delay was due in part to petitioner's own request for a continuance.

A delay in the revocation hearing "is not itself a valid ground for immediate release," and instead a parolee's "remedy . . . is an action to compel a hearing." *Hill v. Johnston*, 750 F. Supp. 2d 103, 105-06 (D.D.C. 2010); *see Sutherland v. McCall*, 709 F.2d 730, 732 (D.C. Cir. 1983) (finding that the appropriate remedy for a delayed parole revocation hearing "is a writ of

*mandamus* to compel the [USPC's] compliance . . . not a writ of habeas corpus to compel release . . . or to extinguish the remainder of the sentence" (emphasis in original)).  The record demonstrates that petitioner's final parole revocation hearing has taken place, and therefore he is not entitled to mandamus relief.  Habeas relief would be available "only . . . where a petitioner establishes that the [USPC's] delay in holding a revocation hearing was both unreasonable and prejudicial." *Sutherland*, 709 F.2d at 732.  Petitioner's unsupported assertions of "grievous loss," Pet. at 1, and "irreparable collateral damage to [his] life," *id.* at 4, do not suffice.

Now that petitioner has received the only relief available to him, the Court will deny the habeas petition. *See Rogers v. U.S. Parole Comm'n*, 816 F. Supp. 2d 7, 10 (D.D.C. 2011); *Simmons v. O'Brien*, No. 7:07-cv-00193, 2007 WL 2669896, at *2 (W.D. Va. Sept. 6, 2007) ("While the delay in the instant case may have been unreasonable as the government concedes that the hearing should have been conducted soon after [the petitioner] returned to federal custody, [the court] find[s] that [his] claim was rendered moot by the . . . rescission hearing" which already had taken place).  An Order accompanies this Memorandum Opinion.

RICHARD J. LEON
United States District Judge